

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00064-CR

---

KEVIN D. TALKINGTON                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1269829D

----------

## MEMORANDUM OPINION[1]

----------

## I.      Introduction

Appellant Kevin D. Talkington appeals his conviction for indecency with a child and aggravated sexual assault of a child. In a single issue, Talkington argues that the trial court abused its discretion by allowing two witnesses to

---

[1]*See* Tex. R. App. P. 47.4.

testify as to what Jane,[2] the complainant, told them about Talkington's alleged inappropriate conduct toward her. We affirm.

## II.    Facts and Procedural Background

In January 2011, Jane, Talkington's eleven-year-old stepdaughter, made an outcry of sexual abuse to CPS investigator Jennifer Abbott. Jane told Abbott that Talkington had "touched her privacy spot with his tongue, . . . licked her chest, . . . put her on top of the washer and . . . laid on top of her and kissed her and that one time in the shower that he pulled the curtain back [and] told her to bend over and shake her tushy." Following this interview, Abbott took Jane to Alliance for Children, where Jane told forensic interviewer Joy Hallum that Talkingtion had "put[] his mouth onto her vagina, touch[ed] her vagina with his hands, put[] his penis to her anus, put[] his penis to her vagina, and then [had] her put her mouth onto his penis."

At trial, Talkington objected to the "outcry" testimony of both Hallum and Abbott. Specifically, Talkington argued that Abbott's testimony was unreliable and Hallum's testimony should be limited to discussing the specific acts that Abbott did not describe. The trial court held an outcry hearing and, after listening to the testimony, overruled the objection.

In addition to hearing Hallum's and Abbott's testimony, the jury also viewed the video of Hallum's forensic interview with Jane and heard testimony from Jane

---

[2]To protect the privacy of the child, we refer to the child by a pseudonym.

herself. Jane testified at length, describing several instances in which Talkington had touched her inappropriately. Jane told the jury that Talkington placed his hands and mouth on her breast and then moved his hands to her vagina. She testified that another time Talkington had put his mouth on her vagina. Jane also described another instance in which Talkington placed his mouth and hands on her vagina and then engaged in anal sex with her. Lastly, Jane told the jury that Talkington made her put her mouth on his penis. She testified that while the anal sex only happened once, the touching with his hands and mouth happened often.

The jury found Talkington guilty of two counts of indecency with a child by contact and three counts of aggravated sexual assault. The court sentenced Talkington to forty years' confinement for aggravated sexual assault and fifteen years' confinement for indecency.

### III.    Applicable Law

Hearsay is not admissible except as provided by statute or by the rules of evidence. *See Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990). Article 38.072 establishes a hearsay exception for statements made by a child "to the first person, 18 years of age or older, other than the defendant, to whom the [victim] . . . made a statement about the offense." Tex. Code Crim. Proc. Ann. art. 38.072 § 2(a)(3) (West 2005 & Supp. 2014); *see also Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011). Admissible outcry witness testimony is not person-specific but event-specific. *Id.*; *West v. State*, 121 S.W.3d 95, 104 (Tex. App.—Fort Worth 2003, pet. ref'd). In cases where a child has been victim

to more than one instance of sexual assault, it is possible to have more than one proper outcry witness. *Solis v. State*, No. 02-12-00529-CR, 2014 WL 1663405 at *4 (Tex. App.—Fort Worth Apr. 24, 2014, no pet.) (mem. op., not designated for publication); *see also Broderick v. State*, 35 S.W.3d 67, 73 (Tex. App.— Texarkana 2000, pet. ref'd).

## IV.    Argument and Analysis

Talkington asserts on appeal that the trial court abused its discretion "in permitting and not limiting the testimony of outcry witness Joy Hallum to the matters not already disclosed to Jennifer Abbott." Specifically, the trial court allowed both outcry witnesses to testify to essentially the same act of aggravated sexual assault. Abbott testified that Jane told her that Talkington had touched her vagina with his tongue, and Hallum testified that Jane told her that Talkington put his mouth on her vagina. Jane also testified, without objection, to the same facts that were contained in her outcry statements to both Abbott and Hallum. Jane described two specific and distinct instances in which Talkington had placed his mouth on her vagina.

Assuming, without deciding, that the trial court abused its discretion by admitting Hallum's testimony, we must determine whether the error was harmful. "The admission of inadmissible hearsay constitutes nonconstitutional error, and it will be considered harmless if the appellate court, after examining the record as a whole, is reasonably assured that the error did not influence the jury verdict or had but a slight effect." *Broderick*, 35 S.W.3d at 74 (citing *Johnson v. State*, 967

4

S.W.2d 410, 417 (Tex. Crim. App. 1998)).  Likewise, admission of inadmissible evidence is harmless error if other evidence that proves the same fact that the inadmissible evidence sought to prove is admitted without objection at trial.  *Id.*

Here, Jane's testimony as to the facts mirrored the contents of the outcry statement testified to by Hallum.  As Jane's testimony alone was sufficient to convict Talkington, we are reasonably certain that if the testimony given by Hallum concerning the oral sex performed on Jane by Talkington influenced the jury verdict at all, it had but a slight effect.  Tex. Crim. Proc. Code Ann. art. 38.07(b)(1) (West 2005 & Supp. 2014); *Bargas v. State*, 252 S.W.3d 876, 888 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that a child victim's testimony was sufficient to support appellant's conviction for aggravated sexual assault despite her unsophisticated terminology and rough time-frame of events).  Therefore, assuming, without deciding, that the trial court erred in admitting part of Hallum's testimony, we hold that the error was harmless and overrule Talkington's sole issue.

## V.    Conclusion

Having overruled Talkington's sole issue, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

5

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 30, 2015